UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANDREW EARL CHAMBERS,

Petitioner,

v.

WARDEN NEVENS, *et al.,*

Respondents.

Case No. 2:13-cv-00489-MMD-GWF

ORDER

Before the Court are the petition for a writ of habeas corpus (dkt. no. 12), respondents' motion to dismiss (dkt. no. 16), petitioner's opposition (dkt. no. 24), and respondents' reply (dkt. no. 25). The Court finds that this action is untimely and that equitable tolling is not warranted. The Court dismisses this action.

After a jury trial in state district court, on March 18, 2009, petitioner was convicted of conspiracy to commit robbery and robbery with the use of a deadly weapon. Exh. 56 (dkt. no.19). Petitioner appealed, and the Nevada Supreme Court affirmed on February 3, 2010. Exh. 81 (dkt. no.20). The Nevada Supreme Court denied rehearing on June 9, 2010. Exh. 83 (dkt. no.20). Remittitur issued on July 8, 2010. Exh. 84 (dkt. no.20).

Petitioner filed a post-conviction habeas corpus petition in state district court on July 14, 2011. Exh. 86 (dkt. no.20). That court denied the petition, finding that it was untimely pursuant to NRS § 34.726(1) and that petitioner had not shown good cause to excuse the time bar. Petitioner appealed, and the Nevada Supreme Court affirmed on October 8, 2012, agreeing with the state district court. Exh. 101 (dkt. no.20). The Nevada Supreme Court held that the state habeas corpus petition was untimely

pursuant to NRS § 34.726(1), because petitioner filed the petition more than a year after the issuance of the remittitur in his direct appeal.

Petitioner then mailed his federal habeas corpus petition to this Court on March 19, 2013. This Court noted that the petition was untimely on its face and directed petitioner to show cause why the petition should not be dismissed. Petitioner filed a response (dkt. no.10), and the Court determined that it needed more information. The Court served the petition upon respondents, who have filed the instant motion to dismiss.

The Court agrees with respondents that this action is untimely under 28 U.S.C. § 2244(d)(1). For the purposes of § 2244(d)(1)(A), petitioner's judgment of conviction became final, and the period of limitation began to run, after September 7, 2010, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). For the purposes of NRS § 34.726(1), the state one-year period of limitation began to run after July 8, 2010, when the Nevada Supreme Court issued its remittitur. Petitioner filed his state habeas corpus petition on July 14, 2011, after the state's one-year period expired. The state courts determined that the state petition was not timely. Therefore, the federal one-year period was not tolled pursuant to 28 U.S.C. § 2244(d)(2) while the state petition was pending. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Between the finality of petitioner's judgment of conviction and the mailing of the federal petition to this Court on March 19, 2013, 924 non-tolled days had passed, and the petition is 559 days late.

The Court is not persuaded by petitioner's three arguments for equitable tolling. First, he argues that his attorney made an error. Robert Glennen represented petitioner at sentencing and through direct appeal. He prepared and filed the state habeas corpus petition. Shortly after that, he moved to withdraw as petitioner's counsel, because the petition contained grounds of ineffective assistance of counsel, and he had a conflict of interest in litigating his own ineffectiveness. Exh. 86A (dkt. no.20). The state district

court granted Glennen's motion. Exh. 87 (dkt. no.20). The state then moved to dismiss the state petition as untimely. Exh. 89 (dkt. no.20). Glennen filed an opposition to the motion. Exh. 90 (dkt. no.20). Minutes of the state district court indicate that Glennen was appearing not as petitioner's counsel, and the court accepted his representations of fact as a friend of the court. Exh. 9, at 39 (dkt. no.17). Glennen had erred in calculating the start of the state one-year period of limitation. He calculated that he had one year from the filing of the remittitur in the state district court, on January 13, 2010, to file a state habeas corpus petition.[1] However, the state one-year period actually started when the Nevada Supreme Court issued the remittitur, on January 8, 2010. *See* Exh. 101, at 2 (dkt. no.20). Having reviewed the record, this Court finds that Glennen was nothing more than negligent in his miscalculations, and such negligence does not justify equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). *See also Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002).

Second, petitioner argues that Glennen did not tell him about federal habeas corpus relief. By the time that petitioner's state habeas corpus proceedings had concluded, Glennen no longer was representing petitioner. Petitioner had no right to accurate advice from Glennen, and this is not a basis for equitable tolling. *Miranda*, 292 F.3d at 1067-68.

Third, petitioner argues that Glennen took ten (10) months to give petitioner his file. Petitioner does not allege when these ten (10) months occurred. The Court assumes that they occurred after Glennen was permitted to withdraw from representing petition, on August 30, 2011. *See* Exh. 87 (dkt. no.20). However, it makes no difference when these ten (10) months occurred. Petitioner mailed his petition to the Court 559

///

[1]Glennen tried to file the state petition electronically on July 13, 2011, only to learn the next day that the clerk had rejected the filing because it did not comply with the requirements of form. It does not matter which date this Court uses, because the federal petition is untimely regardless.

days after expiration of the period of limitation. If the Court were to toll equitably 10 months, or around 300 days, the petition still would be around 259 days late.

The Court also agrees with respondents that even if § 2244(d)(2) could operate to toll the period of limitation, it would make no difference. Between the finality of the judgment of conviction and the filing of the state habeas corpus petition, 310 days passed. Between the conclusion of the state habeas corpus proceedings with the issuance of the remittitur and the mailing of the federal habeas corpus petition, 134 days passed. A total of 444 non-tolled days would have passed, and that still exceeds the one-year limitation period.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that respondents' motion to dismiss (dkt. no.16) is granted. This action is dismissed with prejudice because it is untimely. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 8th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE